445 F.2d 836
 Donald Emett LANGLOIS, Petitioner-Appellant,
v.
Louie L. WAINWRIGHT, Director, Division of Corrections,
State of Florida, Respondent-Appellee.
No. 71-1678 Summary Calendar.*
*(1) Rule 18, 5 Cir.; see Isbell Enterprises, Inc.
v.
Citizens Casualty Company of New York et al., 5 Cir., 1970,
431 F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 July 1, 1971.
 
 Donald E. Langlois, pro se.
 Robert L. Shevin, Atty. Gen. of Fla., Tallahassee, Fla., P. A. Pacyna, Warren H. Petersen, Asst. Attys. Gen., Lakeland, Fla., for respondent-appellee.
 Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Langlois appeals from the denial of habeas corpus relief by the district court. We affirm.
 
 
 2
 Appellant, represented by a public defender, was convicted upon trial by jury of second degree murder. He was sentenced on July 31, 1968, to life imprisonment. The conviction was affirmed on direct appeal. Langlois v. State, Fla.App.1969, 226 So.2d 428. Appellant filed a motion to vacate sentence in the state trial court pursuant to Rule 1.850, Fla.R.Crim.P., 33 F.S.A., alleging that he was denied counsel while being questioned, which resulted in his giving a coerced confession. The trial court denied relief on December 23, 1969, finding that the issue had been ruled upon on direct appeal. A petition for habeas corpus was filed in the Florida Supreme Court in which the same allegation was made with an additional allegation that counsel on direct appeal was ineffective. That court returned the July 13, 1970 petition for want of jurisdiction, referring appellant to the procedures of Rule 1.850.
 
 
 3
 Appellant then filed his habeas petition in the court below, setting out the two allegations presented to the state supreme court. After a response was filed, the petition was dismissed March 1, 1971 for failure to exhaust state remedies as to the ineffective counsel issue. Langlois filed a motion to withdraw that issue and to have the coerced confession issue considered on the merits. The district court granted the motions in an order filed March 12, 1971 and dismissed the petition by the same order, the court finding that the state trial court held a full and fair hearing on a defense motion to suppress the confession and that the trial courts' findings were correct, that the confession was voluntary and was given only after appellant received the proper Miranda warnings. The state trial court hearing was found fully to comply with Townsend v. Sain standards. Townsend v. Sain, 1963, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770. The trial court found that appellant confessed freely and voluntarily after adequate warning of his rights, with full understanding of those rights. A certificate of probable cause and leave to appeal IFP were granted in an order filed March 24, 1971.
 
 
 4
 The transcript of the state hearing contains testimony by the interrogating officer that appellant was advised of his rights, refused to sign a consent to be interviewed form, then was permitted to use the telephone. There was no interrogation from that point.
 
 
 5
 Rev. Bradshaw arrived to see appellant. After a short visit Rev. Bradshaw summoned the officer, telling him that appellant wanted to make a full confession. The officer again advised appellant of his rights and appellant signed the consent form, which the minister also signed as a witness. Appellant then made a full confession. At the hearing appellant also testified that Rev. Bradshaw advised him to confess to make it easier on himself.
 
 
 6
 The evidence fails to support the claims of denial of counsel and coerced confession. The lower court's findings of fact are not clearly erroneous. Rule 52(a), F.R.Civ.P.; McAllister v. United States, 1954, 348 U.S. 19, 75 S.Ct. 6, 99 L.Ed. 20.
 
 
 7
 Affirmed.